UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

URSULA MANGIR and ENES MANGIR,

                      Plaintiffs,

                                                                     1:21-CV-674
         v.                                                                   (BKS/DJS)

ELIZABETH MARIE WALSH,

                      Defendant.
_____

**APPEARANCES:**                                         **OF COUNSEL:**

URSULA MANGIR
ENES MANGIR
Plaintiffs, *Pro Se*
Rensselaer, New York 12144

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court Plaintiffs' *pro se* Complaint. Dkt. No. 1, Compl. The Court has previously granted leave to proceed *in forma pauperis*. In accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint. Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff

- 1 -

may properly maintain his or her complaint before permitting the matter to proceed further.

The Complaint in this action was filed by using a form complaint for actions under 42 U.S.C. § 1983. *See generally* Compl. The Complaint specifically avers that it is brought pursuant to section 1983. *Id.* at p. 3. Plaintiffs allege facts regarding the role of Defendant, a New York State Court Judge, in proceedings concerning ongoing family law matters in which Plaintiff Ursula Mangir[1] is a party and over which Defendant is presiding. *Id.* at pp. 4-6.

In actions brought under 42 U.S.C. § 1983 judges enjoy absolute immunity from suit for actions taken in the performance of their duties. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction'") (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). The Complaint specifically alleges that Defendant, in her judicial capacity, has refused to enforce other judicial orders and has violated Plaintiff's rights in the manner by which she has conducted judicial proceedings. Compl. at pp. 4-6. This conduct clearly relates to the official duties of a judge and so Plaintiffs' claims in this regard are barred by absolute immunity. *Young v. Selsky*, 41 F.3d at 51; *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("acts arising out of, or related to, individual cases before the judge are considered judicial in nature").

---

[1] Plaintiff Enes Mangir is Ursula Mangir's husband. *See Mangir v. Pratico*, 1:21-CV-665 (N.D.N.Y.), Dkt. No. 1-2, p. 36. There are no distinct factual allegations regarding him in this Complaint.

Thus, Plaintiffs cannot state cognizable claims against Defendant under 42 U.S.C. § 1983 and the Complaint should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that Plaintiffs' Complaint be **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: June 24, 2021
    Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).